CASTRO, APPELLANT, *v.* SOLÍS ET AL., RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1.

No. 776.—Decided June 6, 1913.

NATURAL CHILDREN — CONCUBINAGE — ACKNOWLEDGMENT — PRESUMPTION. —Since Law 11 of Toro went into effect the presumption which existed under the Roman Law that the children born of a concubine living in the house of the paramour were the natural children of the latter, is not recognized and it is an indispensable requirement under said Law of Toro that before a child can be considered a natural child it must be acknowledged by the father either expressly or impliedly. The mere fact that the child was born in the house of the father at the time the mother lived with him therein in concubinage, is not sufficient to confer upon it the status of natural child.

ID.—ACKNOWLEDGMENT—ACTION FOR ACKNOWLEDGMENT—PRESCRIPTION.—When an action is brought to recover an interest in an inheritance on the ground that the plaintiff was acknowledged tacitly by the father as his natural child, according to Law 11 of Toro such facts tend to show a tacit acknowledgment by acts and words of the putative father and the action has the scope of an action for acknowledgment subject to the prescription applicable to said action.

ID.—ACTION FOR ACKNOWLEDGMENT—PRESCRIPTION.—As the plaintiff had reached her majority in 1907, according to section 199 of the Revised Civil Code her right of action had prescribed when the action was brought in 1911.

Id.—Action for Acknowledgment—Prescription.—Actions for acknowledgment are subject to prescription and the provisions of the subsequent civil codes governing prescription are applicable likewise to actions for acknowledgment arising under the Laws of Toro.

The facts are stated in the opinion.

Mr. *Luis Llorens Torres* for appellant.

Mr. *Martín Travieso, Jr.,* for respondents.

Mr. Justice Aldrey delivered the opinion of the court.

The complaint herein sets up three causes of action, the last two being subordinate to the first. In the first the plaintiff and appellant, Julia Domitila Castro, alleges that she was born in the year 1886 while her mother lived openly in concubinage and had so lived since 1884 with Joaquín Leandro Solís, the ancestor of the defendants, in his house, being his sole and exclusive concubine and there being no legal impediment to their marriage, and that she maintained absolutely no relations or communications with any other man. It alleges also that Joaquín Leandro Solís died intestate in the year 1897 and that the defendants were designated as his intestate heirs by a judicial decree of 1898 and that they are now estopped from denying the status of the plaintiff as the natural daughter of Joaquín Leandro Solís Kercado because he had always considered and treated her as his daughter, referring to her publicly as such and treating her as a father would treat his child, attending to her maintenance and education and taking final leave of her as his daughter in the presence of his other children at the time of his death; that in addition to the foregoing the defendants both publicly and privately, verbally and in writing, have acknowledged the plaintiff to be the natural child of Joaquín Leandro Solís Kercado. The second cause of action is based on the fact that upon the death of Joaquín Leandro Solís Kercado the defendants took possession of his estate and ignoring the plaintiff executed the partition and liquidation thereof, dividing the same among themselves and making it appear that 63,816 *pesos* 8 *centavos* was the total value of the estate, when as a matter of fact it

amounted to 150,000 *pesos,* the greater part of which property they have alienated, thus preventing the plaintiff from securing a rescission of the partition as regards the property conveyed to third parties, and the defendants refuse to deliver to her the 11,500 *pesos* belonging to her as the lawful natural child of the decedent. The third cause of action is based on the ground that the rents or proceeds corresponding to her hereditary interest since the year 1897, when her father died, amount to the sum of 16,800 *pesos* which the defendants refuse to deliver to her. The prayer of the complaint was that the plaintiff be adjudged heir in common with the legitimate children of Joaquín Leandro Solís Kercado and that her share of the estate amounts to 11,500 *pesos;* that the defendants be required to make restitution to her of this sum and also to pay her 16,800 *pesos* as indemnity for the rents or profits of her hereditary interest.

The defendants demurred to the first cause of action on the ground that the facts alleged were not sufficient to constitute a cause of action and that the right of action had prescribed in accordance with sections 199 and 1840 of the present Civil Code. The second and third causes of action were demurred to on the ground that they did not state facts sufficient to constitute a cause of action.

The district court sustained the demurrer on the ground of prescription and entered judgment against the plaintiff with costs, from which the present appeal was taken to this court.

In her brief the appellant contends that the trial court erred in holding that the first cause of action constituted an action to claim filiation and therefore had prescribed, because as the plaintiff was born during the public concubinage of her mother with Joaquín Leandro Solís Kercado in the latter's house at a time when there was no impediment to their lawful marriage, she acquired the status of his acknowledged natural child and therefore being already acknowledged no action of filiation was instituted or was necessary and the action was limited to the recovery of her hereditary interest.

The law governing the plaintiff's status as natural child is Law XI of Toro, which was in force at the time of her birth and reads:

"And in order that there should be no doubt as to who are natural children we ordain and direct that those be deemed natural children whose parents at the time of their birth or conception were capable of marrying each other without dispensation provided the child has been acknowledged by the father and he has had in his house the woman by whom he begot it. When the aforesaid conditions are found in the child we order that he be deemed a natural child."

Although according to the Roman Law it was indispensable that the concubine should live in the house of the paramour in order that a child born under such conditions should be presumed to be the natural child of the paramour—a requisite not expressly exacted by the *Partida* laws—the benefits of birthright conferred by Law XI of Toro on children of women who were not actually concubines abolished the presumption previously existing in regard to the children of concubines, and since then it is an indispensable requirement that before a child can be considered a natural child it must be acknowledged by the father expressly or impliedly. Hence the mere fact that the plaintiff was born in the house of Joaquín Leandro Solís Kercado while the latter had the mother of the appellant in his house as a concubine is not in itself sufficient to give the child the status of natural child, but even under the law prior to the Law of Toro this circumstance merely established a presumption subject to proof that the facts whence such presumption originated were true; therefore, even then it was necessary to establish the facts before the courts in order that by virtue thereof the child be adjudged the natural child of the paramour, which is equivalent to bringing an action of filiation. Under the Law of Toro cited such facts would imply a tacit acknowledgment by the father, but subject to an action of filiation. In any event, whether such facts be considered as a presumption of the status of

natural child, as is understood by appellant, or whether they serve to prove the tacit acknowledgment, as we think, they have no further weight than to serve as proofs in an action of filiation, for which reason we should conclude that the scope of the first cause of action is only that of an action of filiation, and this is further demonstrated by the fact that the complaint sets forth facts tending to show the acknowledgment by acts and words of the alleged father. If it is held, that the complaint only sets up an action to recover a hereditary interest, not having alleged that she had been acknowledged in a solemn and authentic manner, the plaintiff has no cause of action. *Matienzo* v. *Morales et al.,* 16 P. R. R., 553; *Calaf et al.* v. *Calaf,* 17 P. R. R., 185.

When Joaquín Leandro Solís died in 1897 the plaintiff was under age and retained her right of action in accordance with section 137 of the Spanish Civil Code, but under section 199 of the Revised Civil Code the action to claim filiation must be brought within two years after the child shall become of age, and as the plaintiff reached her majority in 1907, which according to section 317 is fixed at 21 years, said two years had expired when she brought her action in 1911 and therefore her right of action had prescribed. For this reason the trial court did not err in so deciding.

That actions of filiation are subject to prescription and that children born under the rule of the Laws of Toro are subject to the provisions of subsequent codes relating to prescription are matters which have been discussed so fully and decided in the various judgments of this court that it is sufficient merely to refer thereto, especially when this is not the point raised by the appellant. See the cases of *Gual* v. *Bonafoux,* 15 P. R. R., 545; *Amsterdam* v. *Puente,* 16 P. R. R., 527; *Escobar* v. *Escobar,* 16 P. R. R., 555; *Rijos* v. *Folgueras,* 16 P. R. R., 593, the last having been affirmed by the Supreme Court of the United States on February 24, 1913; *Calaf et al.* v. *Calaf,* 17 P. R. R., 185.

It is not necessary to consider the other two causes of

action as they are subordinate to the first and the latter having prescribed they cease to exist.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.,